Mr. Leonetti, good morning. Good morning, Your Honor. Okay, you can proceed whenever you're ready. Thank you. May it please the Court. The Court should grant the position of Loomis Sayles Trust Company Rule 23F, Interlocutory Review, because it presents an important question of first impression in this circuit, about which there is need for immediate resolution, as anticipated by the standards set forth in Sumitomo and in Havasi v. Citigroup. That question is whether a proposed class representative is not adequate when that entity is unable or unwilling to bring a claim that the class might possess against a non-party to the litigation, when the hypothetical claims are antagonistic to the class's claims against the named defendant. I'm having a hard time understanding how this is going to escape the public review. That's the part I'm having. It's scheduled for trial in April. It is, Your Honor. There's no pressure for your client to settle this case, right? That's correct. Well, other than the district court's strong urging on it, but yes. All right. That's not enough. So there's no financial, you know, your client can obviously afford to proceed to trial. So how is this going to escape review? Here's how it's going to escape review, Your Honor, which is if we go to trial, there's two possible outcomes, obviously. We win, we lose. If we win, there's little to no incentive for Loomis Sales Trust Company to actually appeal the denial of class certification. In fact, as the D.C. Circuit recognized in Ray White, which is cited in our papers, at that point, it's the rare plaintiff who would bear both the expense and the risk of appealing, you know, to only have to, what, win the class certification and have to go back and retry the case as a class action, have him won once. In addition, Your Honor, if we win, there is the prospect of nonmutual offensive collateral estoppel in the Park Lane hosiery that the other class members might be able to bring against Citi in other proceedings. And what I will note is the Court has also said in other cases that, you know, Rule 23F is warranted when, not just when it's, you know, incapable or unlikely to be reviewed on appeal, but to avoid wasteful proceedings. That's the Weber case that's cited in our papers. And that's precisely what would happen here, which is it would be wasteful to try the case and then have to say, and win it, and then we, at that point, wouldn't appeal it. And then what would happen is if Citi appeals and this Court affirms, then all of those plaintiffs are going to be everywhere around the country seeking to enforce cases against Citi Group. The other alternative. But if that, what you just described, were sufficient, then, you know, people would prevail on the stay in many of these, in this type of motion in many cases, because those are not unusual circumstances that you've described to me, right? What's unusual about that? I think what's unusual about it, Your Honor, well, first of all, under Sumitomo, Sumitomo has two separate parts to it. There's the death knell standard, and then there's an important case of first impression that's, there's a need for immediate resolution. And I think to say that, you know, this occurs in every case that someone's going to, not going to appeal and they could go out and enforce it elsewhere basically reads, it's basically merging the death knell standard into the second part of the Sumitomo possibilities. So what happens, you know, is, you know, in these cases is the plaintiff, if they win, as I said, they're not likely to bring it out. And if they lose, then you'd have to get over merits. You know, you lose at a jury trial, then we'd have to appeal, get over the merits decision before the class would likely take up class certification as well. So in either event, I think it's unlikely that this issue would, would get appealed and reviewed by this Court. In addition, under Sumitomo as well as Hevesi, there's certainly a sliding scale aspect to this, Your Honor, which is, you know, the more important the question is, the more novel it is, which we can claim that this is something of first impression in this circuit, that this circuit has never actually confronted it, then, you know, that tends to weigh, that tends to, you know, minimize a little bit the unlikely to be reviewed. But again, you know, I think under either scenario, it's unlikely to be reviewed. How long is the trial anticipated to be? Probably two weeks. So it's a long, expensive trial, too, Your Honor. I mean, this is, you know. I know there's a lot of trials longer than two weeks. I understand that's expensive, but there's ones that are much longer than that.  Right. No, no, that's for sure. But it's not a short trial. I mean, it's at least two weeks. We haven't, I think, maybe a little longer than that. But whatever happens, it's going to be an expensive proposition. And people, there's a lot of witnesses. Parties are coming in from, not just from New York, but from other places as well. And you are asking people to spend a lot of time and money. The district court's decision also is the only decision on this issue that we have been able to find that's at odds with the precedent from other circuits. It wasn't the routine application of facts to law. Instead, rather than assessing whether there was a fundamental conflict that goes to the heart of the litigation, the district court appears to be imposing a bright line rule that if there's any conflict, it's disabling. And the Court didn't go through the weighing factors that the Tarrant, this Court in Tarrant said that they should. All right. Thank you, Mr. Monetti. Thank you very much, Your Honor. We'll hear now from Ms. Gabrimarian. I didn't get that right. I'm sorry. Gabrimarian, Your Honor. All right. Good morning. Good morning. You can proceed. May I please, may I please the Court. Halam Gabrimarian from Crabath-Swain & Moore on behalf of the respondent, CGMI. The district court in a well-reasoned and fact-bound decision denied class certification on two independent grounds, atypicality and inadequacy of petitioner LSTC as a class representative. LSTC now petitions this Court for Rule 23 interlocutory review of that decision before final judgment. But as this Court has cautioned, the standard for such review set forth in the As an initial matter, petitioner makes no effort to argue that the Court's typicality analysis, a wholly independent basis for the Court's decision, satisfies either of the two summa tomo standards. That alone warrants denial of this petition. Rather, petitioner, relying solely on the second summa tomo standard, argues that the Court's denial of certification on adequacy grounds implicates a purportedly novel legal question of fundamental importance that it argues is likely to escape effective review. That argument fails for two reasons. First, the district court neither asked nor answered a novel independent question of the novel importance, excuse me. Rather, the district court applied a straightforward application of settled legal principles in this circuit to an extensive factual record that the parties had litigated and put before the Court over nearly three years of litigation. There was nothing novel about that inquiry at all. Second, even if it were the case that LSTC could establish a novel independent question for the Court, this is not the type of case, this is not the type of issue that is likely to escape review. Far from it, this is quite routine to have a class certification denied or granted on any given set of matters. There is nothing unique about these particular circumstances that makes this case the rare exception that would warrant intervention at this juncture by this Court. Now, to take the first issue, the Court in the district court's decision had to consider a very well-settled principle in the Second Circuit, which is that a class representative cannot adequately represent class members if it has a conflict of interest with absent class members that goes to the very heart of the litigation. That was the standard that the Court followed, and that was the standard set forth by this Court in the in-ray payment card interchange fee cases. That's well-settled law. Now, LSTC seeks to manufacture a fundamental question of novel importance by asserting that the Court decreed that a class representative must be able to pursue all possible claims against all possible defendants in order to be deemed adequate. But that's not what the Court said, and that's certainly not what the Court did. Instead, the Court, with the benefit of a fully developed record, considered whether LSTC's own role, whether its role in the development, the direction, the communication of the very trades that are at issue in this case, the trades that are alleged to have caused the financial losses at issue, whether LSTC's roles there constitutes a conflict of interest between itself and the putative class. And the Court answered that in the affirmative, that those actions put LSTC in a fundamentally different position than the absent class members, none of whom had any direct involvement in the underlying conduct at issue. It was that conflict the Court held that went to the very heart of the litigation. As the Court decided, while plaintiff will vigorously pursue claims against defendant, plaintiff will do so only in a way that minimizes its own responsibility for the losses and will not pursue any claims itself. It's that incentive. I just ask you, you only have a minute left, I just want to make sure you address this point about avoiding, effectively avoiding review. The argument we just heard was in the papers, is that if they prevail, there's really no incentive for them to appeal this decision. What's your response to that? Our response to that, Your Honor, is that certainly this case, unlike any other case, has a set of strategic decisions that every party has to make at every juncture. And that a strategic decision by a plaintiff to decide not to seek appeal post-final judgment does not warrant this Court's decision to hurry up and now at this point and at this juncture before a final judgment is actually entered, intervene and participate at this point in time. There is nothing about that strategic choice that informs that question about whether it is likely to escape review because, again, that is a decision that every litigant is able to make at any point in time. All right. Thank you. Thank you both. We'll reserve the decision. Have a good day. Thank you.